LEOPOLD HELLINGER, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, December 31, 1917.

Municipal corporations — city of New York — right to erect and maintain public bath — injury to adjoining easements by encroachment upon public street — eminent domain — just compensation must be made — when removal of encroachment not compelled by injunction — relief by way of compensatory damages — when no damages for injury to right of access.

While the city of New York under its police powers may erect and maintain a public bath for the conservation of the health of its inhabitants, it has no right to erect an entrance with columns which extend beyond the building line and encroach upon the street to the detriment of the easements of light, air and access appurtenant to adjoining property.

While section 50 of the charter of the city of New York relating to municipal powers may authorize the city to appropriate a portion of a street for access to a public bath so that such structure will not constitute a public nuisance, it cannot deprive an adjoining landowner of easements in light, air and access without just compensation, for such property rights are within the protection of the provisions of the Constitution relating to the exercise of eminent domain.

However, the city will not be required by injunction to remove such structure when the injury to easements of light, air and access may be compensated in damages and especially so when the expense and inconvenience to the city by removing the structure and remodeling the building will greatly exceed the damages to adjoining property.

In such case the court will refuse injunctive relief and either remit the plaintiff to his action at law, or will award him damages.

Damages will not be awarded for injury to the plaintiff's right of access to his premises where he himself has encroached upon the street to an equal extent by the erection of railings and a cellarway, but he is entitled to compensation for the appropriation in the easements of light and air.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of July, 1916, upon the decision of the court after a trial at the New York Special Term.

The judgment enjoined the maintenance of stone stairways, columns and ornamental stone work in front of public baths adjoining plaintiff's premises.

*Charles J. Nehrbas* of counsel [*Terence Farley* and *Charles V. Nellany* with him on the brief], *Lamar Hardy, Corporation Counsel,* for the appellant.

*Samuel Hellinger,* for the respondent.

PAGE, J.:

The plaintiff is the owner of the premises known as Nos. 350 and 352 East Fifty-fourth street, in the city and county of New York. The city of New York has erected and ever since May, 1909, has maintained on the premises adjoining to the west, a five-story public bath and gymnasium, seventy-five feet in width and one hundred feet in depth. The front wall of the building is on the street line, but there extends therefrom four flights of stone steps which project five feet eleven inches upon the sidewalk. There are four large columns rising from the stoop and extending beyond the front of the building from four feet three inches at the base to three feet two inches at the top. These columns are surmounted by capitals extending four feet three inches. Above these is an entablature and a cornice the latter extending six feet nine inches from the front of the building. This ornamental structure extends above the middle of the windows on the top floor of the plaintiff's building. Plaintiff alleges that by reason thereof his easements of light, air and access to his premises from the street are seriously impaired and that his property is rendered less desirable for occupation, that the rental value thereof has decreased and that his property is permanently injured by such structure. The city claims the right to use this portion of the street for the purposes to which it is devoted because the same is a public use for the conservation of the health of its inhabitants and hence within the police powers delegated to it by the Legislature. While the maintenance of a public bath can be so justified, the appropriation of the streets for ornamentation of the front of the building in which the bath is maintained cannot be said to be a necessary exercise of such power. The city also claims express legislative authority. (Greater N. Y. Charter [Laws of 1901, chap. 466], § 50, as amd. by Laws of 1905, chap. 629; since amd. by Laws of 1916, chap. 592.) While

First Department, December, 1917.    [Vol. 181.

this section may authorize the city to appropriate a portion of the street for access to the bath and hence not constitute a public nuisance, this grant of power is expressly limited " subject to the Constitution and laws of the State." One of the constitutional safeguards that the city cannot violate is that which provides that private property shall not be taken for a public use without just compensation. (Const. art. 1, § 6.) Ever since the case of *Story* v. *N. Y. Elev. R. R. Co.* (90 N. Y. 122) it has been the settled law of this State that the easements of the abutting owners of light, air and access are property rights within the meaning of this constitutional provision. This is not an action by a taxpayer to redress a public nuisance by the appropriation of the public street to the detriment of its use by the public, nor is it an action against a private individual for an encroachment on the street brought by an abutting owner, as was the case of *Ackerman* v. *True* (175 N. Y. 353), but it is an action by the owner of property for his private wrong in that his property has been appropriated by the city to subserve a public use without compensation. It does not, however, follow that the city should be compelled to remove this structure or that injunction is the appropriate remedy. *First.* While it may be that to some extent the easement of light, air and access is impaired it does not appear to be such a substantial interference that adequate relief cannot be afforded by compensatory damages. *Second.* The expense and inconvenience to the city by compelling the removal of the structure and the remodeling of the building greatly exceeds the damage done to plaintiff's property. In such cases the courts refuse the injunctive relief and either remit the plaintiff to his action at law, or award him damages. In so far as the plaintiff's access to his premises is to be considered, it is to be noted that by reason of the fact that he has encroached upon the street with railings and a cellarway to substantially the same extent as the city that the city's encroachment has not damaged him to any appreciable extent. For whatsoever he may have been damaged by the appropriation of the light and air of the premises, he should be compensated.

The judgment should be reversed and a new trial ordered, in which the plaintiff may recover his damage, if any, for the

impairment of his easement of light and air, costs to appellant to abide event.   Any judgment herein against the defendant for fee damage should provide that plaintiff procure a release, executed by all persons and corporations having an interest in or lien upon the plaintiff's premises, including all mortgages, and granting to the defendant all right, title and interest in and to such property or easement as have been taken by the said defendant.   Said conveyance the defendant to be entitled to receive upon payment or tendering the sum or sums, if any, which may be fixed for the avoidance of any injunction awarded or decreed by said judgment.   Findings inconsistent herewith are reversed.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.   Order to be settled on notice.